1  ** E-filed February 17, 2011 **

2

3

4

5

6

7  NOT FOR CITATION

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  SAN JOSE DIVISION

11  MARILOU WILLIAMS,                     No. C10-04351 HRL

12       Plaintiff,                      **ORDER THAT CASE BE
                                          REASSIGNED TO DISTRICT JUDGE**
13    v.
                                          **REPORT AND RECOMMENDATION**
14  COUNTRYWIDE HOME LOANS, INC., et
    al.,                                  **[Re: Docket No. 9]**
15
         Defendants.
16  _____/

17                          **BACKGROUND**

18       This action arises out of a mortgage home loan that Marilou Williams ("Williams") obtained

19  from Countrywide Home Loans ("Countrywide") in January 2006.  Docket No. 1 ("Complaint"), ¶

20  3.  The loan is secured by Williams's home in San Jose, California.  Id., ¶ 2.  Williams sued

21  Countrywide, Alliance Title Company ("Alliance"), Mortgage Electronic Registration Systems, Inc.

22  ("MERS"), and an unknown mortgage broker (collectively, "Defendants") for violation of the Truth

23  in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., the Real Estate Settlement Procedures Act

24  ("RESPA"), 15 U.S.C. § 2605, et seq., and California statutes and common law.  Complaint, ¶¶ 39-

25  126.

26       Countrywide and MERS move to dismiss Williams's complaint.  Docket No. 9 ("MTD").

27  Williams did not file any opposition brief.  Pursuant to Civil Local Rule 7-1(b), the Court finds the

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   matter suitable for determination without oral argument, and the February 22, 2011 hearing is

2   vacated.

3                                    **LEGAL STANDARD**

4          On motion, a court may dismiss a complaint for failure to state a claim.  FED. R. CIV. P.

5   12(b)(6).  The federal rules require that a complaint include a "short and plain statement" showing

6   the plaintiff is entitled to relief.  FED. R. CIV. P. 8(a)(2).  The statement must "raise a right to relief

7   above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007).  But only

8   plausible claims for relief with survive a motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. ___, 129

9   S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).  A claim is plausible if its factual content "allows the

10  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at

11  1949.  A plaintiff does not have to provide detailed facts, but the pleading must include "more than

12  an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 1950.

13         In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint.

14  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  The factual

15  allegations pled in the complaint must be taken as true and reasonable inferences drawn from them

16  must be construed in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336,

17  337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of

18  Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)).  However, the court cannot assume that "the

19  [plaintiff] can prove facts which [he or she] has not alleged."  Associated General Contractors of

20  California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  "Nor is the

21  court required to accept as true allegations that are merely conclusory, unwarranted deductions of

22  fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

23  2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on

24  other grounds by 275 F.3d 1187 (9th Cir. 2001).

25         "A court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P.

26  15(a)(2).  "'Four factors are commonly used to determine the propriety of a motion for leave to

27  amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of

28  amendment.'"  Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted).

                                          2

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense.  <u>See</u> <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

### DISCUSSION

A. <u>Williams's Federal Law Claims</u>

Williams's complaint contains two federal claims, both of which are analyzed in turn below.

1. <u>Williams's TILA Claim</u>

Williams alleges that Defendants violated TILA "by failing to provide [her] with accurate material disclosures" as it requires.  Complaint, ¶ 63.  She seeks both damages and rescission of the loan.  <u>Id.</u>, ¶ 69-70.

A claim for damages must be brought within one year from the date of the signing of the loan documents.  15 U.S.C. § 1640(e); <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (absent evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of defendant that prevents a plaintiff from discovering its claim, the limitations period begins to run at the time the loan documents are signed).  A claim for rescission must be brought within three years of the same date.  15 U.S.C. § 1635(f).

In her complaint, Williams alleges that her loan closed on January 18, 2006, and her TILA claim is based on alleged failures in relation to the loan documents.  Complaint, ¶¶ 3, 63, 65, 67-68.  Thus, she needed to have filed her complaint by January 18, 2007 for damages and by January 18, 2009 for rescission.  Here, Williams did not file her complaint until September 27, 2010, so it appears that her TILA claim is time barred, unless the limitations periods may be tolled.

Williams makes a cursory attempt in this regard.  She alleges that "[a]ny and all statute[s] of limitations relating to disclosures and notices required pursuant to [TILA] were tolled due to Defendants' failure to effectively provide the required disclosures and notices."  <u>Id.</u>, ¶ 66.  This conclusory statement, however, is not enough to trigger any tolling of the limitations period; she needed to have alleged facts demonstrating that the TILA violations could not have been discovered through due diligence during the limitations period.  <u>See</u> <u>Lingad v. IndyMac Bank</u>, 682 F.Supp.2d

3

1142, 1147 (E.D. Cal. 2010) (citing Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003)).  Since Williams has not sufficiently alleged facts to support the equitable tolling of the limitations period, her TILA claim, as it now stands, is barred by the statute of limitations.  Thus, this Court recommends that Williams's TILA claim be dismissed without prejudice.

### 2.  Williams's RESPA Claim

Williams also alleges that Defendants included excessive fees, including a yield spread premium, that were not explained to her and for which a separate fee agreement was not provided.  Complaint, ¶¶ 28, 77-79.  Instead, she alleges that the yield spread premium was described to her as a "credit for closing costs."  Id., ¶ 77.

Although she does not so specify, Williams's RESPA claim based upon improper fees arises under 12 U.S.C. § 2607.  Claims under this section are subject to a one-year statute of limitations and must be brought within one-year of the mortgage transaction.  12 U.S.C. § 2614; see also Kelley v. Mortg. Elec. Registration Sys., 642 F.Supp.2d 1048, 1058 (N.D. Cal. 2009).  Since Williams did not file her complaint until September 27, 2010 and she has not alleged any facts to support the equitable tolling, Williams's RESPA claim, as it now stands, is barred by the statute of limitations.  Thus, this Court recommends that Williams's RESPA claim be dismissed without prejudice.[1]

### B.  Williams's State Law Claims

As explained above, Williams has failed to sufficiently allege a federal claim.  Her remaining claims all arise under California law.  Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," id. § 1367(c)(3).  Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[A] federal court

---

[1] Williams's RESPA claim also is insufficiently pled in that she never alleges that she actually paid a yield spread premium or that it was unlawful.  See Complaint, ¶¶ 77-79.

should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.").  Because it is not clear that Williams can state a viable federal claim, the Court recommends that supplemental jurisdiction not be exercised over her state law claims at this time.

### CONCLUSION

Because neither Williams nor Defendants have consented to the undersigned's jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a district court judge.  The undersigned further RECOMMENDS that the newly-assigned district court judge grant Defendants' motion to dismiss for the reasons described above.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: February 17, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C10-04351 HRL** **Notice will be electronically mailed to:**

Luke William Bowman          lbowman@reedsmith.com, cahunt@reedsmith.com

**Notice will be provided by other means to:**

Marilou Williams
2524 Glen Ian Court
San Jose, CA 95148

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

**United States District Court**
For the Northern District of California

6